# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

INDEMNITY INSURANCE CORPORATION *
\*
\*
v. * Civil No. – JFM-13-2216
\*
JADE PRESENTS, LLC, ET AL. *
\*\*\*\*\*\*

## MEMORANDUM

Indemnity Insurance Corporation has instituted this action against Jade Presents, LLC and Jade R. Nielsen for breach of contract, fraud, and a declaratory judgment action. All of the claims are premised upon a settlement agreement entered into between Indemnity Insurance and Jade Presents. Defendants have moved to dismiss the action for lack of personal jurisdiction. The motion will be granted.[1]

According to an affidavit filed by Jade Nielsen, Jade Presents is legally organized in North Dakota and has never done any business (including concert promotion, its line of business) in Maryland. Likewise, according to Mr. Nielsen's affidavit, he has never been in Maryland or done any business in Maryland.

Indemnity Insurance has not presented any affidavit or other evidence to the contrary. Rather, it relies upon the fact that the settlement agreement between the parties calls for the application of Maryland law. Indemnity Insurance has not, however, cited any authority to support the proposition that a choice of law provision contained in a contract reflects an intention

---

[1] There is related litigation between the parties pending in state court in Wisconsin and in federal court in North Dakota. It appears that the issues presented in this litigation would best be resolved in either Wisconsin or North Dakota. However, this opinion addresses the only question presented by defendants' motion to dismiss: whether they are subject to personal jurisdiction in Maryland.

of a party to the contract to submit itself to personal jurisdiction in the state whose law governs interpretation of the contract. *Burger King v. Rudzewicz*, 471 U.S. 462 (1985), upon which Indemnity Insurance relies, is not to the contrary. Although in *Burger King* the parties' contract did include a provision calling for the application of the law of Florida (the state in which jurisdiction was sustained), what was at issue in *Burger King* was a franchise agreement between the franchisee and a national franchisor, located in Florida. The Supreme Court recognized that in such a relationship, it was "an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines." 471 U.S. at 476.

In further support of its position, Indemnity Insurance cites Judge Luttig's opinion in *Diamond HealthCare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448 (4th Cir. 2000). Indemnity Insurance fails to note, however, that Judge Lutting was writing *in dissent*. Moreover, to the extent the Indemnity Insurance contends that the mere fact that Jade Presents entered a contract with a party in Maryland subjects Jade Presents to personal jurisdiction in Maryland, that proposition is defeated by *Burger King* itself. 471 U.S. at 478.[2]

A separate order granting defendant's motion and dismissing this action for lack of personal jurisdiction is being entered herewith.

Date:   September 24, 2014          ____/s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

[2] Indemnity also argues that Jade Present's maintenance of a website in which it promotes its shows that is accessible to viewers in Maryland subjects it to personal jurisdiction in Maryland. However, as stated in the text, Jade Presents has promoted no shows in Maryland and, as established by an affidavit which defendants have submitted, Jade Presents does not itself sell tickets to the various events it promotes on its website. Under these circumstances the maintenance of a website does not constitute purposeful activity within the state of Maryland that would subject Jade Presents to personal jurisdiction in a Maryland court.